**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
Email(s): ghayes@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant WALMART, INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES JASON ATWOOD, individually,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC.; DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-00840<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED, between the parties and their attorneys of record, that the current discovery deadlines to be extended as indicated on page 3, pursuant to Local Rule 26-1(b) and 26-4.

**I.**
**DISCOVERY COMPLETED TO DATE**

1. The parties have conducted the FRCP 26.1 Early Case Conference.
2. Defendant produced its Lists of Witnesses and Documents and supplements.
3. Plaintiff produced his Lists of Witnesses and Documents and supplements.
4. Defendant propounded its First Set of Interrogatories Requests for Production of Documents, and Requests for Admissions to Plaintiff.
5. Plaintiff propounded his First Set of Interrogatories Requests for Production of Documents, and Requests for Admissions to Defendant.

**II.**
**DISCOVERY THAT REMAINS TO BE COMPLETED**

1. Rule 35 Examination of Plaintiff.
2. Deposition of Plaintiff.

3. Responses of Defendant to Plaintiff's Discovery.

4. Responses of Plaintiff to Defendant's Discovery.

5. Inspection of Premise.

6. Deposition of Defendant Walmart, Inc. 30(b)(6) witness(es).

7. Designation of Initial Experts.

8. Designation of Rebuttal Experts.

9. Deposition(s) of Plaintiff's treating physicians.

10. Deposition of other percipient witnesses.

11. Depositions of experts.

12. Additional written discovery (if necessary).

13. Any remaining discovery the parties deem relevant and necessary as discovery continues.

## III.
## WHY DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME PROVIDED BY THE CURRENT SCHEDULING ORDER

### A. Good Cause

LR 26-4 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-4. If the stipulation is made less than twenty-one (21) days before the expiration of a deadline, the parties must show a good cause exist. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause exists to extend the current deadlines by sixty (60) days because the parties have reached a settlement in principle and are awaiting confirmation of the final Medicaid lien

amount necessary to complete the settlement process. The parties are unable to finalize settlement and dismissal documents until the lien amount is received and can be accounted for in the distribution of settlement proceeds. Absent an extension, the parties would be required to continue complying with litigation deadlines and incur additional costs despite their efforts to resolve the matter. A brief continuance will allow sufficient time for the final Medicaid lien to be issued, facilitate completion of the settlement, and potentially eliminate the need for further litigation activity. The requested extension will conserve party resources, promote judicial economy, and will not prejudice any party. This request is made in good faith and not for the purpose of delay.

## IV.
## PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | July 17, 2026 | July 17, 2026 |
| Initial Expert Disclosures | November 16, 2026 | January 15, 2027 |
| All Rebuttal Expert Disclosures | December 16, 2026 | February 15, 2027 |
| Discovery Cut-Off Date | January 15, 2027 | March 16, 2027 |
| Dispositive Motions | February 15, 2027 | April 16, 2027 |
| Pretrial Order | March 17, 2027 | May 17, 2027 |

The parties represent this Stipulation is sought in good faith and with excusable neglect and not interposed for delay or any other improper purpose.

Dated this 7th day of October, 2026.

**TYSON & MENDES LLP**

*/s/ Griffith H. Hayes*
GRIFFITH H. HAYES
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendant*

Dated this 7th day of October, 2026.

**ER INJURY ATTORNEYS**

*/s/ Justin Randall*
JUSTIN G. RANDALL
Nevada Bar No. 12476
1700 South Pavilion Center Drive. Suite 530
Las Vegas, Nevada 89135
*Attorney for Plaintiff*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED this October 8, 2026